STEAGALL, Justice.
The plaintiff David Leak appeals from a summary judgment entered in favor of the defendant Avco Financial Services of Alabama, Inc., in a malicious prosecution case.
Avco entered into an agreement with Mason Jewelers, Inc., whereby Avco agreed to purchase from Mason retail installment contracts and security agreements that had been executed in favor of Mason by its customers. With regard to these contracts and security agreements, Mason provided Avco’s national dealer center with an individual’s credit information so that Avco could ascertain whether it would purchase a retail installment contract executed by that individual.
Avco received and accepted a retail installment contract and security agreement from Mason signed by “David R. Leak.” Leak defaulted on the agreement, and Avco communicated with Leak in an effort to satisfy the balance due on the account. Leak told Avco that his signature on the agreement had been forged; however, after reviewing the information contained on Leak’s credit application, Avco informed Leak that his forgery claim was not sufficient to remove his name from the account.
Avco subsequently sued Leak to collect the amount due on the contract; the trial court found in favor of Leak. Leak then sued Avco for damages, alleging malicious prosecution; specifically, Leak alleged that Avco had known, or should have known, that Leak had not signed the account documents and that with that knowledge, or when it should have had that knowledge, Avco continued its collection action against Leak. The trial court entered a summary judgment in favor of Avco. Leak appeals.
To defeat Avco’s properly supported motion for a summary judgment on his malicious prosecution claim, Leak was required to present substantial evidence that Avco instituted a judicial proceeding against him without probable cause and with malice; that the proceeding ended in his favor; and that he suffered damage as a proximate cause of *644 the judicial proceeding. Fina Oil & Chemical Co. v. Hood, 621 So.2d 253 (Ala.1993). Leak contends that there is a genuine issue of material fact as to whether Avco had probable cause to initiate the action against him, and, therefore, that the summary judgment was improper.
Probable cause is defined in the criminal context as “a reasonable ground for suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense charged.” Fina Oil, at 257, quoting earlier cases. In a civil proceeding, all that is necessary for probable cause is that the claimant “reasonably believe that there is a chance that [the] claim may be held valid upon adjudication.” Fina Oil, at 257.
After thoroughly examining the record, we affirm the trial court’s summary judgment, on the authority of Fina Oil.
AFFIRMED.
HORNSBY, C.J., and ALMON, SHORES, HOUSTON, KENNEDY and INGRAM, JJ., concur.